# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:07-CR-33-TLS |
| | ) | |
| SOWANDE DIXIE | ) | |

## OPINION AND ORDER

Defendant Sowande Dixie was originally sentenced by this Court on April 20, 2009. The Government and the Defendant have now filed a Joint Motion for Reduction of Sentence [ECF No. 91], pursuant to 18 U.S.C. § 3582. In the Joint Motion, the parties request that the Court reduce the Defendant's 70 month term of imprisonment for his drug offense to 60 months.

## BACKGROUND

The Defendant was convicted of possessing with intent to distribute crack cocaine (Count One), and of carrying a firearm during and in relation to a drug trafficking crime (Count Two). The Presentence Investigation Report, which was adopted by the Court at the time of sentencing, reported that the Defendant's offense involved 31 grams of crack cocaine. This amount was supported by the arresting officer's report that the total bag weight of the drugs was field tested to be 31 grams. As a result of the amount of drugs and Specific Offense Characteristics, the Defendant's Total Offense Level under the Guidelines was 23. Based on his Criminal History Category of IV and Total Offense Level of 23, the sentencing guideline range was 70 to 87 months. The Court sentenced the Defendant to the low end of the guideline range, 70 months. For Count Two, the Defendant was subject to a mandatory sentence of 60 months to be served consecutively to the term of imprisonment for Count One.

According to the Joint Motion, the total net weight of the cocaine base crack was in fact 24.46 grams, as indicated by an April 8, 2009, Certificate of Analysis from the Indiana State Police Laboratory Division, presented to the Court in conjunction with the Joint Motion. The Defendant's base offense level for 24.46 grams of crack cocaine would have been 24 instead of 26, and the Guideline reductions would have resulted in a Total Offense Level of 21 and an imprisonment range of 57 to 71 months. The parties request a reduction in the Defendant's sentence on the drug offense to the statutory mandatory minimum that was in effect at the time of his sentence, 60 months. They maintain that the Defendant's mandatory sentence of 60 months on the firearm offense would continue to run consecutive.

## ANALYSIS

> Subject-matter jurisdiction is 'the court's statutory authority or constitutional power to adjudicate a case.' " [*United States v.*] *Lawrence*, 535 F.3d [631,] 636 [(7th Cir. 2008)] (quoting *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 89 (1998); citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)). "It 'delineat[es] the classes of cases . . . falling within a court's adjudicatory authority." *Id.* (quoting *Eberhart v. United States*, 546 U.S. 12, 16 (2005)).

*United States v. Davis*, 682 F.3d 596, 610 (7th Cir. 2012) (parallel citations omitted). District courts have limited power to revisit sentences after they are imposed. *United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003). Once a district court sentences a criminal defendant, it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *Id.*

**A.     Section 3582**

The parties have filed their Joint Motion "pursuant to the provisions of 18 U.S.C. § 3582." (Joint Mot. ¶ 1, ECF No. 91.) Section 3582(c) outlines a few exceptions to the prohibition on modifying a term of imprisonment once it is imposed. "The court may not modify a term of imprisonment once it has been imposed except" upon motion of the Director of the BOP where certain factors are present, "to the extent otherwise expressly permitted by statute or by Rule 35," or in accordance with a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 130 S. Ct. 2683, 2690 (2010) (noting that § 3582(c)(2) creates "an exception to the general rule of finality").

The Director of the BOP has not filed a motion with this Court. Rule 35(a) permits correction of a sentence that "resulted from arithmetical, technical, or other clear error" if the district court acts "[w]ithin 14 days after sentencing." Rule 35 also allows a court to reduce a sentence to reward post-sentencing substantial assistance to the prosecution in investigating or prosecuting another person. Fed. R. Crim. P. 35(b). Those circumstances are not present here. Nor was the Defendant sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered. The Defendant's base offense level was set at 26 pursuant to U.S.S.G. § 2D1.1(c)(7), which applied to amounts of cocaine base between 28 and 112 grams. Today, § 2D1.1(c)(7) still applies to between 28 and 112 grams of cocaine base. The Court finds no authority in § 3582 to reduce the Defendant's sentence under the circumstances presented in the Joint Motion.

Although relief is not available to the Defendant through § 3582, it is the substance of a motion, not its label, that controls how a request for relief is treated. *United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007). Thus, any post-judgment motion in a criminal proceeding that

3

fits the description of a motion to correct a sentence as set forth in 28 U.S.C. § 2255 should be treated as a request for relief under that statute  *Id.*

**B.     Section 2255**

Section 2255 permits a federal prisoner to attack his sentence on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Defendants have a due process right to be sentenced on the basis of accurate information. *United States v. Tucker*, 404 U.S. 443, 447 (1972). Relief may be granted where the information before the sentencing court was inaccurate, and the court relied on the misinformation in passing sentence. *United States ex rel. Welch v. Lane*, 738 F.2d 863, 865 (7th Cir. 1984).

> There is no doubt that a criminal defendant has a due process right to have the court consider only accurate information when imposing sentence, and that this right may be violated when the court considers information which is inaccurate. To succeed on such a claim the defendant must demonstrate that the information before the court was inaccurate and that the court relied on it.

*United States v. Coonce*, 961 F.2d 1268, 1275 (7th Cir. 1992) (citing *Tucker*, 404 U.S. at 447 and *United States v. Musa*, 946 F.2d 1297, 1306 (7th Cir. 1991)); *see also Townsend v. Burke*, 334 U.S. 736, 741 (1948) (reversing sentence violating due process because it relied upon "materially untrue" assumptions).

Here, the Government has conceded the inaccuracy of the drug quantity.[1] Thus, the only

---

[1] The Court assumes, given the joint nature of the request, that the Government would forgo enforcement of the Defendant's Plea Agreement term waiving his right to collateral attack his sentence for the purpose of pursing this sentence reduction.

question is whether the Court relied on the inaccurate information at sentencing. A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 447. The Court certainly gave specific consideration to and based its sentence, in part, on the drug quantity reported in the PSR. Accordingly, it appears that he would be entitled to relief pursuant to § 2255.

The Defendant did not raise the due process claim prior to this Motion, and the law is well settled that failure to raise constitutional issues on direct appeal bars consideration of the issues under § 2255 unless cause for the procedural default and prejudice arising from it are shown, *see Menzer v. United States*, 200 F.3d 1000, 1005 (7th Cir. 2000); *Rosenwald v. United States*, 898 F.2d 585 (7th Cir. 1990). However, "[t]he procedural-default rule is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 505 (2003). Here, the Court sees no reason to adhere to the doctrine.

**C.      Warning**

When a court characterizes a pro se litigant's motion as a § 2255 motion, it must first notify the litigant that it intends to do so, warn that the recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second of successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. *Castro v. United States*, 540 U.S. 375, 383 (2003). If

these procedures are not followed, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the restrictions on second or successive motions. *Id.*

Here, the litigant is not proceeding pro se. Nevertheless, out of an abundance of caution the Court will schedule a telephone conference to discuss the Motion, the subject matter jurisdictional issues, and to provide the Defendant an opportunity to withdraw the motion or to amend it.

## CONCLUSION

For the reasons stated above, the Court schedules a Telephonic Conference regarding the Joint Motion for Reduction of Sentence [ECF No. 91] for May 6, 2014, at 10:00 AM before Judge Theresa L. Springmann. The Court will initiate the call.

SO ORDERED on May 1, 2014.

                                            s/ Theresa L. Springmann
                                            THERESA L. SPRINGMANN
                                            UNITED STATES DISTRICT COURT