# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:07-CR-33-TLS |
| | ) | |
| SOWANDE DIXIE | ) | |

## OPINION AND ORDER

Defendant Sowande Dixie was originally sentenced by this Court on April 20, 2009. The Government and the Defendant have now filed a Joint Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 [ECF No. 97]. In the Joint Motion, the parties request that the Court vacate the Defendant's 70 month term of imprisonment for his drug offense and resentence him to 60 months imprisonment, the mandatory minimum that was in effect in 2009 when his sentence was imposed.

## BACKGROUND

The Defendant was convicted of possessing with intent to distribute crack cocaine (Count 1), and of carrying a firearm during and in relation to a drug trafficking crime (Count 2). The Presentence Investigation Report, which was adopted by the Court at the time of sentencing, reported that the Defendant's offense involved 31 grams of crack cocaine. This amount was supported by the arresting officer's report that the total bag weight of the drugs was field tested to be 31 grams. As a result of the amount of drugs and Specific Offense Characteristics, the Defendant's Total Offense Level under the Guidelines was 23. Based on his Criminal History Category of IV and Total Offense Level of 23, the sentencing guideline range was 70 to 87 months. The Court sentenced the Defendant to the low end of the guideline range, 70 months.

For Count 2, the Defendant was subject to a mandatory sentence of 60 months to be served consecutively to the term of imprisonment for Count 1.

Although the Defendant later petitioned the Court to reduce his sentence pursuant to retroactive amendments to the Guidelines, *see* 18 U.S.C. § 3582(c)(2), the Court denied his request because the PSR reported that the offense involved 31 grams of crack cocaine, and, based on this amount, applying the amendments did not change the Defendant's Guideline range. There have been no further changes to the Guidelines since the Defendant's § 3582(c)(2) request was filed and denied.

The total net weight of the cocaine base crack, as established by an April 8, 2009, Certificate of Analysis from the Indiana State Police Laboratory Division, was actually 24.46 grams, not 31 grams. This Certificate, however, was not obtained at the time of the original sentencing, and the Court did not rely upon it. The parties are requesting that the Court vacate the Defendant's sentence on Count 1, and impose the sentence it would have imposed in 2009 had the correct drug quantity been presented to the Court, taking into account the retroactive changes to the Guidelines.

**ANALYSIS**

A defendant may challenge a sentence if: 1) the sentence violates the Constitution or laws of the United States; 2) the sentencing court lacked jurisdiction to impose the sentence; 3) the sentence exceeds the statutory maximum; or 4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Defendants have a due process right to be sentenced on the basis of accurate information. *United States v. Tucker*, 404 U.S. 443, 447 (1972). Habeas relief may be

granted where the information before the sentencing court was inaccurate, and the court relied on the misinformation in passing sentence. *United States ex rel. Welch v. Lane*, 738 F.2d 863, 865 (7th Cir. 1984).

> There is no doubt that a criminal defendant has a due process right to have the court consider only accurate information when imposing sentence, and that this right may be violated when the court considers information which is inaccurate. To succeed on such a claim the defendant must demonstrate that the information before the court was inaccurate and that the court relied on it.

*United States v. Coonce*, 961 F.2d 1268, 1275 (7th Cir. 1992) (citing *Tucker*, 404 U.S. at 447 and *United States v. Musa*, 946 F.2d 1297, 1306 (7th Cir. 1991)); *see also Townsend v. Burke*, 334 U.S. 736, 741 (1948) (reversing sentence that violated due process because it relied upon "materially untrue" assumptions).

Here, the Government has conceded the inaccuracy of the drug quantity. Additionally, the Court gave specific consideration to and based its sentence, in part, on the drug quantity reported in the PSR. *See Tucker*, 404 U.S. at 447 (stating that a sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence); *see also United States v. Claybrooks*, 729 F.3d 699, 706 (7th Cir. 2013) (recognizing that "[f]or those defendants convicted of drug-related offenses, a determination of the quantity of narcotics involved in their offense forms an essential part of the sentencing analysis"). The parties' request, that the Court correct the Defendant's sentence "based upon his due process right to be sentenced on the basis of accurate information" (Joint Motion 1–2, ECF No. 97), is supported by the record in this cause. The actual drug quantity yields a Guideline range of 57 to 71 months (after the 2010 amendments), with the low end being adjusted to 60

months to reflect the statutory mandatory minimum (the Fair Sentencing Act of 2011 does not apply to the Defendant).

The Defendant did not raise the due process claim prior to the Joint Motion, and the law is well settled that failure to raise constitutional issues on direct appeal bars consideration of the issues under § 2255 unless cause for the procedural default and prejudice arising from it are shown, *see Menzer v. United States*, 200 F.3d 1000, 1005 (7th Cir. 2000); *Rosenwald v. United States*, 898 F.2d 585 (7th Cir. 1990). However, "[t]he procedural-default rule is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 505 (2003). Here, the Court sees no reason to adhere to the doctrine. Additionally, the Government states that it is "specifically waiving the one (1) year period of limitations solely and exclusively for the purpose of correcting the sentence to sixty (60) months on Count 1, rather than the seventy (70) months to which the Defendant was sentenced in 2009." (Joint Motion 3–4.) The Government is also expressly waiving enforcement of the "2255 waiver contained in the Plea Agreement solely to allow the Defendant to pursue this 2 level variance." (*Id.* at 4.)

In view of the parties' Joint § 2255 Motion, there are no material facts in dispute, and the Defendant is conclusively entitled to relief. Accordingly, the Court vacates the Defendant's sentence of 70 months of imprisonment on Count 1, and corrects the sentence to be 60 months imprisonment. *See* 28 U.S.C. § 2255 (stating that, upon granting a § 2255 motion, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate"). Although the Defendant is

"specifically waiving his right to a hearing" and "any right to be present at the time of re-sentencing" (Joint Motion 4), the Court does not find that a hearing or resentencing are necessary. Simply correcting the sentence to align with an accurate drug quantity is sufficient to grant the Defendant relief in this matter.

## CONCLUSION

For the reasons stated above and set forth in the parties Joint Motion, the Court now GRANTS the Joint Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 [ECF No. 97]. The Court VACATES the sentencing imposed only as to Count 1 [Judgment, ECF No. 62], and imposes a sentence of 60 months imprisonment for Count 1. All other aspects of the Judgment [ECF No. 62] remain in effect and will be unchanged.

SO ORDERED on July 10, 2014.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT